[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
First Special Defense — Fraud
Denied. The defendant has alleged all of the essentials elements of fraud including, the plaintiff's claims to the contrary, injury and justifiable reliance. Weisman, Trustee v. Kaspar,233 Conn. 531, 539 (1995). On a motion to strike, the court must accept as true all facts which are well pleaded and those facts necessarily implied from the allegations of the special defense.Amodio v. Cunningham, 182 Conn. 80, 83 (1980). In paragraph 17, the defendants allege that the plaintiff induced them to agree to a mortgage for far in excess of what the property was worth. This is a legally sufficient allegation of the defendant's injury.
Implicit in the fourth element of a cause of action in fraud is the requirement that the reliance be justified. Maturo v.Gerard, 196 Conn. 584, 589 (1985). As stated above, facts essential to a defense may be fairly implied from express allegations. Here, it may fairly be inferred from the allegations that because the plaintiff represented that it, and not theseller, engaged an independent appraiser, the defendants had good reason to believe that such an appraisal would have been fair, truthful and legitimate.
Second Special Defense — Material Misrepresentation in the LoanDocuments.
Granted. There is no allegation that the misrepresentations as to price and deposit induced the defendants to act. The claimed fraudulent representation alleged in the first special defense CT Page 14454 existed prior to and independently of the recitation of price in the loan documents. Likewise, the plaintiff's explanation that the $31,000 deposit constituted "sweat equity" may have been untrue but there is no allegation that it in any way induced reliance. Beverly Hills Concepts, Inc. v. Shatz, Shatz, Ribicoffand Kotkin, 247 Conn. 48, 57 (1998).
Third Special Defense — Violation of Covenant of Good Faith.
Granted. The good faith principle applicable to the field of contracts applies not to the events and activities which led up to the forming of a contract but rather to the performance or enforcement of a contract because the rule emphasizes faithfulness to a common purpose. Whether a party to a contract has been faithful to its common purpose can only be determined after performance has begun. Magnan v. Anaconda Industries, Inc.,193 Conn. 558, 566 (1984). The allegations of this special defense describe events which occurred prior to entry of the parties into the mortgage contract. They have nothing to do with either performance or enforcement.
Fourth Special Defense — CUTPA
Denied. The defendants' reliance on the federal Real Estate Settlement Procedures Act as the basis for a CUTPA defense is misplaced. Although violations of RESPA are actionable, they are not a defense to foreclosure action. Security Pacific NationalBank v. Robertson, Superior Court JD Stamford/Norwalk at Stamford No. 124622 (August 28, 1997, Hickey, J.).
Likewise, a CUTPA defense based on non compliance with the Federal Truth and Lending Act does not constitute a defense to a mortgage foreclosure because it does not go to the making, validity or enforcement of the mortgage. There is no allegation that had the particular disclosures been made the transaction would not have been entered into. As with RESPA, failure to comply with TILA may be actionable but it is not a proper defense in a foreclosure action.
THE COURT,
Mottolese, Judge CT Page 14455